UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD BAHAMONTE,

                Petitioner,

-v-

WILLIAM CONNOLLY,

                Respondent.



No. 15-cv-3878 (RJS) (RLE)
ORDER ADOPTING
REPORT AND RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

Petitioner Richard Bahamonte ("Bahamonte") brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his July 2, 2010 conviction in New York Supreme Court, New York County, on one count of attempted assault in the first degree, two counts of attempted assault in the second degree, and two counts of criminal possession of a weapon in the second degree. (Doc. No. 2 ("Petition" or "Pet.").) In his Petition, Bahamonte contests his conviction on the grounds that (1) the prosecutor engaged in misconduct during his summation, (2) the trial judge improperly instructed the jury regarding consciousness-of-guilt evidence, (3) the evidence introduced at trial was legally insufficient to convict him, (4) his trial counsel provided ineffective assistance during plea negotiations, and (5) his appellate counsel provided ineffective assistance by failing to raise his exclusion from the ex parte portion of *Sirois* hearings. (*Id.* at 2.) On September 7, 2015, the Court referred this matter to the Honorable Ronald L. Ellis, Magistrate Judge, for a report and recommendation. (Doc. No. 11.) Respondent William Connolly ("Connolly") filed his opposition to the Petition on October 19, 2015 (Doc. No. 19), and Bahamonte filed his reply on December 10, 2015 (Doc. No. 23).

Now before the Court is Judge Ellis's Report and Recommendation, dated August 29, 2016, which recommends that the Petition be denied because (1) Bahamonte's prosecutorial misconduct claim is procedurally barred, (2) his faulty jury instruction claim is also procedurally barred, (3) his legal insufficiency of the evidence claim was not exhausted and is procedurally barred, (4) his claim for ineffective assistance of trial counsel during plea negotiations is meritless, and (5) his claim for ineffective assistance of appellate counsel is also meritless. (Doc. No. 24 (the "Report").) Although Judge Ellis informed the parties that any objections to the Report were due by September 15, 2016, and that failure to file timely objections would constitute a waiver of those objections, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b), neither party filed any objection to the Report.

## Discussion

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When no objections to a report and recommendation are made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Boyd v. City of New York*, 12-cv-3385 (PAE) (JCF), 2013 WL 452313, *1 (S.D.N.Y. Feb. 6, 2013) (citation and internal quotation marks omitted); *see also Lang ex rel. Morgan v. Astrue*, 05-cv-7263 (KMK) (PED), 2009 WL 3747169, *1 (S.D.N.Y. Nov. 6, 2009) (same). A magistrate judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *SEC v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (quoting *Chen v. Bd. of Immigration Appeals*, 435 F.3d 141, 145–46 (2d Cir. 2006)). Because no party filed any objections here, the Court reviews the Report only for clear error.

2

Having considered Judge Ellis's Report, the Court adopts it in all respects but one. In particular, the Court finds that Judge Ellis did not clearly err in determining that (i) Bahamonte's insufficiency of the evidence claim, which he raised for the first time in this Petition, is both unexhausted and procedurally barred, (ii) Bahamonte's ineffective assistance of counsel claims are both meritless under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), (iii) Bahamonte's faulty jury instruction claim is procedurally barred, and he has alleged no cause for his failure to preserve this claim, and (iv) the portion of Bahamonte's prosecutorial misconduct claim that relates to the prosecutor's summation remarks about consciousness of guilt is likewise procedurally barred. Indeed, the Court would reach the same conclusions even if it were to review Judge Ellis's Report *de novo*.

The only part of the Report that the Court declines to adopt is Judge Ellis's determination that the other portion of Bahamonte's prosecutorial misconduct claim – that which accuses the prosecutor of improperly emphasizing certain trial witnesses' fear of Bahamonte – is also procedurally barred. The Report recommends that the Court reject Bahamonte's prosecutorial misconduct arguments wholesale, asserting that "[o]n direct appeal, the Appellate Division held that Bahamonte's arguments about his . . . claim of prosecutorial misconduct on summation . . . were procedurally 'unpreserved[.]'" (Report at 15 (quoting *People v. Bahamonte*, 89 A.D.3d 512, 512 (2011)).) The Appellate Division, however, did not hold that *all* of Bahamonte's arguments about prosecutorial misconduct were procedurally barred; it held that only those arguments "challeng[ing] the portions of the prosecutor's summation . . . that dealt with [Bahamonte's] alleged disappearance for several weeks after the crime, and the consciousness-of-guilt inference that could be drawn therefrom" were barred. *Bahamonte*, 89 A.D.3d at 513. It addressed on the merits, and rejected, Bahamonte's argument that the prosecutor improperly underscored certain

3

witnesses' fear of Bahamonte. *Id.* at 512–13. Thus, the Court cannot adopt the Report's finding that this portion of Bahamonte's prosecutorial misconduct claim is procedurally barred.

The Court nonetheless reaches the same result as Judge Ellis and rejects the remainder of Bahamonte's prosecutorial misconduct claim because it finds that the Appellate Division's repudiation of this claim on the merits was neither contrary to, nor an unreasonable application of, clearly established federal law as articulated in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *See Parker v. Matthews*, 567 U.S. 37, 45 (2012) ("The 'clearly established Federal law' relevant [when considering a § 2254 petition alleging prosecutorial misconduct] is our decision in *Darden* . . . ."). When reviewing a prosecutor's conduct during trial, courts ask "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden*, 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "Habeas relief is not appropriate [if] there is merely a 'reasonable possibility' that trial error contributed to the verdict." *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Rather, a petitioner "must demonstrate that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in the jury's verdict." *Id.* In determining whether there has been such a substantial and injurious effect, courts in this circuit consider "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." *Tankleff v. Senkowski*, 135 F.3d 235, 252 (2d Cir. 1998) (quoting *Floyd v. Meachum*, 907 F.2d 347, 355 (2d Cir. 1990)).

The Appellate Division held that the prosecutor's elicitation of "brief, nonprejudicial testimony [indicating] that the witnesses did not wish to testify" and his "summation remarks about the witnesses' fear of [Bahamonte]" were appropriate "[u]nder the circumstances of the case,"

4

especially given "[Bahamonte's] attacks on the witnesses' credibility." *Bahamonte*, 89 A.D.3d at 512–13. The court emphasized that far from commenting gratuitously on the witnesses' fear, the prosecutor made evidence-based statements for the limited purpose of establishing certain witnesses' credibility after defense counsel suggested they were the prosecution's pawns. More specifically, the prosecutor argued that the reluctance of three particular witnesses to testify was attributable to their fear of Bahamonte, and not – as defense counsel intimated – to their coercion by the prosecution. *See id.* (citing *People v. Howard*, 7 A.D.3d 314 (2004)); (*see also* Trial Transcript ("Tr.") 235–40). The Appellate Division accordingly found Bahamonte's trial to be fair and denied his prosecutorial misconduct claim. *Id.*

That conclusion was neither contrary to, nor an unreasonable application of, the federal standard set forth in *Darden*. There is no evidence in the record that "the prosecutor's conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181 (internal citation omitted). To the contrary, the prosecutor's remarks were relatively restrained, supported by evidence, and prompted by the need to respond to defense counsel's attack on certain witnesses' credibility. Furthermore, the trial court instructed the jury that the prosecutor's summation comments were not themselves evidence. (Tr. 250–52.) *See Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (juries presumed to follow curative instructions absent extraordinary circumstances); *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) (same). Finally, nothing in the Petition or the record suggests that Bahamonte would not have been convicted absent the prosecutor's remarks about the witnesses' fear. In sum, Bahamonte made no showing that he "suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict," *Bentley*, 41

F.3d at 824, and so the Appellate Division's rejection of his prosecutorial misconduct claim was appropriate.

CONCLUSION

For the reasons set forth above and in Judge Ellis's Report, IT IS HEREBY ORDERED THAT the Petition is DENIED. In addition, because Petitioner has not "made a substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *see also Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005). Furthermore, because any appeal would "lack[] an arguable basis in law or fact," *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995), the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be undertaken in good faith, and, therefore, Petitioner may not proceed *in forma pauperis*.

The Clerk of Court is respectfully directed to (1) enter judgment in favor of Respondent and close this case, and (2) mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: August 3, 2017
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE